# EXHIBIT A



**Lori J. Costanzo**
**Andrea Justo**
**Lynn Toma**

Reply to: andrea.justo@costanzo-law.com

December 4, 2018

*VIA US Mail and Email*

ronj@oath.com

Ron Johnstone
Legal Department
Oath, Inc
701 First Avenue
Sunnyvale, CA 94089

      **Re:**    **Aroni Banerjee v. Oath, Inc., et al.**
              **Santa Clara County Superior Court Case No. 18CV338829**

Dear Mr. Johnstone,

Pursuant to your agreement to accept service on September 4, 2018, attached please find a copy of the Summons, Civil Case Cover Sheet, Complaint, Civil Lawsuit Notice, and ADR Information Sheet.

Please provide us with the signed Notice and Acknowledgment of Receipt attached. The original and two copies of the Notice and Acknowledgment of Receipt form is enclosed pursuant to California Civil Procedure § 415.30. Enclosed is a self-addressed stamped envelope.

Please let us know if you have any questions or need further information.

Very truly yours,
COSTANZO LAW FIRM, APC

Andrea Justo
Associate Attorney

Cc: Client

Enclosures As Stated

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Lori J. Costanzo, SBN 142633; Lynn Toma, SBN 100384; Andrea Justo, SBN 310122<br>COSTANZO LAW FIRM, APC<br>111 West St. John Street #700<br>San Jose, CA 95113<br>TELEPHONE NO.: 408-993-8493    FAX NO. *(Optional)*: 408-993-8496<br>E-MAIL ADDRESS *(Optional)*: lori@costanzo-law.com; andrea.justo@costanzo-law.com<br>ATTORNEY FOR *(Name)*: Plaintiff Aroni Banerjee | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA |
| STREET ADDRESS: 191 North First Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Jose 95113 |
| BRANCH NAME: |

| |
|---|
| PLAINTIFF/PETITIONER: Aroni Banerjee, an individual |
| DEFENDANT/RESPONDENT: Oath, Inc. dba Verizon Communications Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>18CV338829 |

TO *(insert name of party being served)*: Oath, Inc. dba Verizon Communications Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/04/2018

ANDREA JUSTO
_____          ►
      (TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:

   Civil Lawsuit Notice
   Civil Case Cover Sheet
   Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet

*(To be completed by recipient)*:

Date this form is signed:

_____          ►  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]   **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Lori J. Costanzo, SBN 142633; Lynn Toma, SBN 100384; Andrea Justo, SBN 310122<br>COSTANZO LAW FIRM, APC<br>111 West St. John Street #700<br>San Jose, CA 95113<br>TELEPHONE NO.: 408-993-8493  FAX NO. (Optional): 408-993-8496<br>E-MAIL ADDRESS (Optional): lori@costanzo-law.com; andrea.justo@costanzo-law.com<br>ATTORNEY FOR (Name): Plaintiff Aroni Banerjee | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose 95113<br>BRANCH NAME: |

| |
|---|
| PLAINTIFF/PETITIONER: Aroni Banerjee, an individual |
| DEFENDANT/RESPONDENT: Oath, Inc. dba Verizon Communications Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>18CV338829 |

TO (insert name of party being served): Oath, Inc. dba Verizon Communications Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/04/2018

ANDREA JUSTO
_____
(TYPE OR PRINT NAME)       (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

   Civil Lawsuit Notice
   Civil Case Cover Sheet
   Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet

**(To be completed by recipient):**

Date this form is signed:

_____       _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)       ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Lori J. Costanzo, SBN 142633; Lynn Toma, SBN 100384; Andrea Justo, SBN 310122 COSTANZO LAW FIRM, APC 111 West St. John Street #700 San Jose, CA 95113 TELEPHONE NO.: 408-993-8493    FAX NO. *(Optional)*: 408-993-8496 E-MAIL ADDRESS *(Optional)*: lori@costanzo-law.com; andrea.justo@costanzo-law.com ATTORNEY FOR *(Name)*: Plaintiff Aroni Banerjee | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Aroni Banerjee, an individual

DEFENDANT/RESPONDENT: Oath, Inc. dba Verizon Communications Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 18CV338829 |
|---|---|

TO *(insert name of party being served)*: Oath, Inc. dba Verizon Communications Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/04/2018

ANDREA JUSTO
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:

Civil Lawsuit Notice
Civil Case Cover Sheet
Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>OATH, INC. dba VERIZON COMMUNICATIONS INC., and DOES 1-50, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ARONI BANERJEE, an individual | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)**<br><br>E-FILED<br>11/30/2018 5:10 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>18CV338829<br>Reviewed By: A Adefris<br>Envelope: 2230659 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Santa Clara County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br><br>**18CV338829** |

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lori J. Costanzo, Costanzo Law Firm, APC, 111 W. St. John St. #700, San Jose, CA 95113, 408-993-8493

| DATE:<br>*(Fecha)* | 11/30/2018 5:10 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | A Adefris | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Oath, Inc. dba  Verizon Communications Inc.

    under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
              ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

E-FILED
11/30/2018 5:10 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV338829
Reviewed By: A Adefris

Lori J. Costanzo, SBN 142633
Lynn Toma, SBN 100384
Andrea Justo, SBN 310122
COSTANZO LAW FIRM, APC
111 West Saint John Street, #700
San Jose, CA 95113
Phone:    408.993.8493
Fax:        408.993.8496
Email:     Lori@costanzo-law.com
                Lynn@costanzo-law.com
                Andrea.Justo@costanzo-law.com

Attorneys for **Plaintiff, Aroni Banerjee**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA - UNLIMITED JURISDICTION

| | |
|---|---|
| ARONI BANERJEE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OATH, INC. dba VERIZON COMMUNICATIONS INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:   18CV338829<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  **Breach of Written Contract**<br>2.  **Breach of the Implied Covenant of Good Faith and Fair Dealing**<br>3.  **Violation of Business and Professions Code §17200**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff, ARONI BANERJEE, by and through his attorneys of record herein, who bring this Complaint against the above-named Defendants, and in support thereof allege the following:

**PARTIES**

1.  Plaintiff, ARONI BANERJEE (hereinafter: "Plaintiff" or "Mr. Banerjee") is an individual who, at all times alleged in this complaint, is a resident of the County of Santa Clara, State of California, and was an employee of Defendant OATH, INC. dba VERIZON COMMUNICATIONS INC. (hereinafter collectively called "Oath," or "Defendants").

2.  Defendant OATH, INC. is a subsidiary of Verizon Communications (hereinafter "Verizon"), that serves as the umbrella company of its digital content subdivisions, including AOL and Yahoo!.

*Sidebar (vertical text): COSTANZO LAW FIRM, APC, 111 W. St. John Street, #700, San Jose, CA 95113*

Verizon acquired AOL in June 2015, and Yahoo!'s operating business in June 2017. Plaintiff is informed and believes, and thereon alleges, that Defendant OATH, INC.

3.  At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was the agent or employee of each and every other Defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of the remaining Defendants. All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference, were ratified and approved by officers and managing agents of every other Defendant.

4.  Does 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by asserting their true names and capacities herein. Plaintiff is informed and believes, that thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant", "Defendants" or specifically named Defendant, refers to all Defendants sued under fictitious names.

## JURISDICTION AND VENUE

5.  The monetary value of Plaintiff's claim exceeds $25,000, and the amount in controversy is within the jurisdiction of this Court.

6.  Plaintiff, at all relevant times, was a resident of the County of Santa Clara. Plaintiff is informed and believes that the named Defendants are entities doing business in the County of Santa Clara, State of California. Plaintiff alleges on information and belief, that Does 1-50 were and are California entities or individuals authorized to do and did business in the County of Santa Clara.

///

///

///

**COSTANZO LAW FIRM, APC**
**111 W. ST. JOHN STREET, #700**
**SAN JOSE, CA 95113**

**COSTANZO LAW FIRM, APC**
**111 W. ST. JOHN STREET, #700**
**SAN JOSE, CA 95113**

## FACTS APPLICABLE TO ALL CAUSES

7. Plaintiff Aroni Banerjee has worked for numerous Fortune 100 companies, such as Hewlett Packard (ten (10) years), Intel, Honeywell, Capital One, and others, all within the human resources (hereinafter referred to as HR) function. He is a deep subject matter compensation specialist, within HR.

8. Mr. Banerjee was hired by Oath as the Director of Compensation.

9. Mr. Banerjee was provided with an October 10, 2017 offer letter which states in relevant part:

    a.    As soon as administratively practicable following your first day of employment with the Company, you will be granted a one−time award of restricted stock units (or other equity−based incentive award) with an aggregate target value at grant of $130,000.00. The actual number of units subject to your award will be determined based on the value per share as determined for purposes of your award, and rounded down to the nearest whole unit. Your RSU award will vest over a 3−year period, with one−third (1/3) vesting on each of the first, second and third anniversaries of the grant date, subject to your continued employment through the applicable vesting date and other terms and conditions. Awards are subject to corporate approval and are in all events governed by the plans, agreements and notices under which they are issued. More information about your award (including the award acceptance process, valuation details, and other terms and conditions) will be made available to you after your grant approval date.

10. Mr. Banerjee accepted Oath's offer and began working for Oath in October 30th, 2017. As the Director of Compensation, Mr. Banerjee was responsible for providing guidance and direction regarding compensation, equity plans, and incentive programs to new hires, and to provide up-to-date market intelligence on competitive compensation trends and practices.

11. As an Oath employee, Mr. Banerjee also received the Oath Severance Plan, which states in relevant part:

    a.    The Oath Severance Plan (as amended and restated on October 2, 2017, the "Plan") is intended to assist Employees of Participating Companies whose employment is subject to a Qualified Separation under the circumstances described in the Plan. "Participating Company" means any of the participating employers identified on Appendix A. The Plan is an "employee welfare benefit plan,"

as defined in Section 3(1) of ERISA. This document (including any Appendices and Schedules attached hereto) constitutes both the written instrument under which the Plan is maintained and the required summary plan description for the Plan.

b.      This Plan covers each regular full-time or part-time salaried or hourly employee who is employed by a Participating Company, who has at least one day of service with a Participating Company on or after the Effective Date, and who is not included in an ineligible classification as described below (such an eligible employee is referred to herein as an "Employee").

c.      This Plan covers each regular full-time or part-time salaried or hourly employee who is employed by a Participating Company, who has at least one day of service with a Participating Company on or after the Effective Date, and who is not included in an ineligible classification as described below (such an eligible employee is referred to herein as an "Employee").

d.      "Participating Company" includes Oath, Inc., and direct and indirect subsidiaries.

e.      An Employee must undergo a Qualifying Separation on or after the Effective Date to be eligible to receive the benefits described in Article 4 of this Plan. A "Qualifying Separation" means (i) a termination of the Employee's employment by a Participating Company without Cause, either individually or as part of a larger reduction in force, or (ii) a voluntary termination of employment by the Employee due solely to the Employee's refusal to accept a Relocation (as defined below) initiated by a Participating Company. An Employee who indicates a willingness to be involuntarily terminated in connection with a reduction in force or similar staffing exercise but who is not actually selected by a Participating Company to be involuntarily terminated shall not be considered to undergo a Qualifying Separation (even if the Employee voluntarily terminates employment at or about the time of the reduction in force).

12. As further described below, Plaintiff's termination should be considered a "Qualifying Separation," since his termination was without any justifiable cause.

a.      The Plan defines "Cause" to mean (i) incompetence or negligence in the discharge of, or inattention to or neglect of or failure to perform, the duties and responsibilities assigned to the Employee; (ii) fraud, misappropriation or embezzlement; (iii) a material breach of the Participating Company's code of conduct (as in effect at the relevant time); (iv) a material breach of any offer

letter, employment agreement or long-term incentive or equity award agreement, or any confidentiality, proprietary information and inventions agreement and any other similar agreement between the Employee and any member of the Company Group under which the Employee has a duty or obligation thereto (each such agreement, a "Covenant Agreement"); or (v) commission of any felony of which the Employee is finally adjudged guilty by a court of competent jurisdiction.

13. As further described below, Plaintiff was terminated without cause: accusations regarding his competency as the Director of Compensation are without merit and without any progressive discipline – the only explanation for the aforesaid accusations is to deny Mr. Banerjee the benefits to which he is entitled to pursuant to the Plan.

    a.    The Severance Payment is calculated as follows:

| Internal Job Level (Plaintiff was classified as M5) | Severance Payment Calculation |
|---|---|
| IC6, IC7, M5, M6 | 26 weeks Base Compensation, or if greater, 2 weeks Base Compensation per Year of Service (up to 35 weeks Base Compensation) |

### *Mr. Banerjee Excelled as the Director of Compensation*

14. Mr. Banerjee was a dedicated Oath employee. He consistently worked 60+ hours per week and managed a team of approximately five (5) employees. He went to great lengths to ensure he hired the best candidates to work in his team – he was willing to accommodate an interviewee's schedule by meeting with her on a Saturday. Mr. Banerjee hired that candidate, who still works for Oath.

15. Mr. Banerjee built strong relationships with the employees he supervised and Oath's business partners. Mr. Banerjee enjoyed great success until he crossed paths with Ron Johnstone during the Fair Labor Standards Act ("FLSA") project.

16. Every year, Oath needed to make determinations regarding exempt and non-exempt classifications pursuant to FLSA. While Mr. Banerjee's team managed the compensation distribution, the ultimate FLSA decision regarding these roles were made by Oath's internal corporate legal team.

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

17. As it turned out, Oath's internal corporate legal team made the decision to designate a position within their department as non-exempt (a legal assistant/law clerk position that was originally designated as an exempt position prior to Oath's merger with Yahoo!). In February 2017, a manager in the legal department took issue with the decision, and sent an email to Ron Johnstone, a Vice President and Deputy General Counsel for Oath, asking why one of his employee's positions was made non-exempt.

18. Rather than state that the legal department made that determination, Mr. Johnstone carbon-copied the complaining manager in an email to Mr. Banerjee and his entire compensation team, asking Mr. Banerjee and his team to explain themselves, in an attempt to absolve the legal team of responsibility, even though the compensation team did <u>not</u> make the final decision to designate positions as exempt or non-exempt. This email from Johnstone cause much consternation among Mr. Banerjee's team.

19. Mr. Banerjee responded in writing that neither he, nor anyone on his team, make the decision to classify the particular employee as non-exempt; they simply implemented the legal department's determination.

20. Mr. Johnstone furiously responded, asking why Mr. Banerjee stated that the responsibility for the FLSA determination was on the legal team. Mr. Banerjee did not respond to Mr. Johnston's email to avoid further conflict.

21. In subsequent joint meetings that Mr. Banerjee had with the legal team at Oath there was no mention of this issue, so Mr. Banerjee believed it was resolved.

***Oath Terminates Plaintiff Under False Pretenses and Fails to Follow its Own Policies in Providing Mr. Banerjee a Six-Month Severance and RSUs worth approximately $130,000***

22. Approximately one month after Mr. Johnstone erroneously blamed Mr. Banerjee and his team for the FLSA designation, Mr. Banerjee was terminated on March 1, 2018, due to false allegations of "incompetence, negligence and unprofessional conduct."

23. This came as a total surprise to Mr. Banerjee, as he experienced no prior discipline, nor was he placed on a performance improvement plan ("PIP").

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

24. Contrary to the Severance Plan originally offered and accepted by Mr. Banerjee at the time he was hired, Oath offered a severance of one (1) month's salary. Mr. Banerjee rejected that offer since it fell short of the Severance Plan to which he was entitled. The written policies of Oath, which were incorporated by law into the employment agreements of Oath, provide that as a Director with a M5 job level, Mr. Banerjee is entitled to six (6) month's salary for severance, and the vesting of his RSUs of approximately $130,000 over the next three years, per his stock option plan.

***Mr. Johnstone Informed Mr. Banerjee of Oath's Allegations to Justify its Termination of Mr. Banerjee <u>After</u> Mr. Banerjee's Termination and Retention of Counsel. Such Allegations Are Without Merit.***

25. It was only <u>after</u> Mr. Banerjee was terminated and retained counsel, that allegations that purport to justify Oath's termination that made Mr. Banerjee ineligible for the six (6) month severance and RSUs were made known to him.

26. On March 22, 2018, Mr. Johnstone provided a list of alleged infractions to justify Oath's termination of Mr. Banerjee, each without merit:

**A. Mr. Banerjee did not advocate considering an employee's age when determining the value of an equity grant.**

27. As a compensation leader, Mr. Banerjee's job entailed making recommendations to his supervisor, Susan August, the Vice President of Rewards, as to what was considered "market competitive" when deciding the amount of stock to be distributed to Oath employees. Among these employees was one group of new college graduates who were considered to be "high potential." At the time, Oath had chosen to give this group a very aggressive amount of stock, up to $250k upon hire, in addition to their already competitive base salary.

28. There were approximately five (5) to ten (10) of these employees who received stock packages who were deemed to be needing an adjustment.  Due to the shift in stock price, the value of their total RSU package was approximately $230k to $240k.

29. One manager emailed Mr. Banerjee requesting approval of an additional $10k to $20k to meet the $250k amount.

COSTANZO LAW FIRM, APC
111 W. St. JOHN STREET, #700
SAN JOSE, CA 95113

30. Mr. Banerjee expressed his disapproval and raised internal equity concerns. Actively voicing his opinion regarding the distribution of stock was part of his role, and it would have been derelict of him to fail to add his input as the Director of Compensation.

31. Mr. Banerjee, however, did not justify his disapproval of the stock increase by insisting that young people do not deserve stock, or that young people are inferior. He explained to this manager that the amount of stock distributed to the newly graduated group was wildly inconsistent with market rates and Radford market data. He also explained this in detail to the Human Resources ("HR") Business Partner, Rachel Stinson, after the manager fired off an e-mail claiming Mr. Banerjee was discriminating against newly-hired employees due to their age.

32. After Mr. Banerjee's meeting with Ms. Stinson, she indicated that she would handle the situation with the manager and respond directly to the manager who raised this unfounded complaint.

33. Mr. Banerjee's concerns regarding the decision to provide an additional $10k to $20k was not unusual – Ms. Stinson also expressed that similar concerns were raised to her over the years. In the end, Mr. Banerjee was asked to implement the additional $10k to $20k, and Mr. Banerjee did do so. To Mr. Banerjee's knowledge, this incident was resolved and the age discrimination referenced in Mr. Johnstone's March 22, 2018 email was unfounded.

**B. Admonishing Mr. Banerjee for violating 'attorney client privileged' work is perplexing and misguided as the decision to designate a position as non-exempt was made by the Legal Department.**

34. Mr. Johnstone also accused Mr. Banerjee for violating "attorney-client privilege." As discussed in Paragraphs 16-21 above, Mr. Banerjee is unaware of the circumstances regarding Mr. Johnstone's allegation, and to the best of Mr. Banerjee's knowledge, the issues regarding the FLSA designations have been resolved.

**C. Mr. Banerjee never disregarded his manager's decision regarding the 2018 equity grant eligibility. The final decision regarding any additional equity was Ms. August's.**

35. Some new hires had just recently received equity as part of their offer package and the question became whether they should receive another round of equity during the annual focal cycle, which was coming up in March of 2018.

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

36. Although the final decision was Ms. August's, Mr. Banerjee was obligated to at least explore the suggestion to offer additional equity, pursuant to the request of several HR business partners, including Ms. Stinson. While exploring the idea, some of Mr. Banerjee's Compensation Team members expressed their opinion that the discretion to offer additional equity to new hires should be left open to managers who wanted to do so. Although this was not Mr. Banerjee's opinion, he conveyed this message to Ms. August pursuant to his job duties. Ms. August ultimately decided not to allow any additional equity for new hires, regardless of manager input. Mr. Banerjee then implemented her instructions in the compensation tool, marking the group as ineligible for additional equity.

37. It is preposterous and highly objectionable to suggest that Mr. Banerjee was motivated by self-interest to disobey Ms. August. Even if Mr. Banerjee did mark himself, or his job type, as eligible for additional equity, the decision would ultimately be based upon his manager's input. He would not automatically receive equity. The system can only make an employee eligible; the individual managers are the ones who can choose to give, or not give, the equity. Since his manager was Ms. August, who clearly disagreed with the idea of additional equity, she would not have given him that additional equity since it was her decision to make.

**D. Mr. Banerjee attempted to accommodate an interviewee's schedule, but when an HR employee complained, Mr. Banerjee cancelled the interview.**

38. Another issue Mr. Johnstone raised in his March 22, 2018 e-mail related to interviewing a candidate on a Saturday.

39. As discussed in Paragraph 14 above, Mr. Banerjee agreed to interview a candidate on a Saturday morning to accommodate the candidate's schedule. Mr. Banerjee did not want to risk losing a potentially impressive candidate.

40. As he was heading to the phone interview, he was asked by Lynn Carter from HR, "Where are you going?" After he explained, Lynn reported him to Ms. August. His manager then asked him to cancel the interview, and reschedule, the following week which he promptly did. The interview was held the following week, and the candidate was ultimately hired.

41. Mr. Banerjee never received counseling from Ms. August that interviewing a candidate on a Saturday was "not a good judgement call at all," nor did he receive counseling regarding "tone" nor "respect," as alleged in Mr. Johnston's March 22, 2018 e-mail.

**E.  Concerns regarding Mr. Banerjee's employment history were never addressed during his employment with Oath.**

42. Mr. Johnstone also alleged in his March 22, 2018 e-mail that Mr. Banerjee resigned from or was terminated by at least seven (7) different employers over the last eleven (11) years.

43. Mr. Banerjee's first employer out of graduate school was Hewlett Packard in Palo Alto, and he stayed with this company for 10 years. Thus, 10 out of 20 years of Mr. Banerjee's work history was devoted to one company.

44. Mr. Banerjee's subsequent employment movements were related to promotions, and the desire to be closer to loved ones, not due to terminations or forced resignations.

45. As stated in Paragraph 7 above, Mr. Banerjee has worked with Fortune 100 companies, such as HP, Intel, Honeywell, Capital One, and others, within the human resources function. He is a deep subject matter specialist in compensation. To allege that Mr. Banerjee was terminated by, or resigned, with respect to at least 7 employers, over the last 11 years, is a misrepresentation of the facts, and is wholly without merit. If job movement was a concern, Oath choose to hire Mr. Banerjee when this employment history was known by Oath at the time.

### *Mr. Banerjee was not Given any Notice, Progressive Discipline, nor Formal Discipline Regarding the Allegations Against Him*

46. Mr. Banerjee never received any formal or written admonishments, and he was certainly never put on a performance PIP which is the normal course of business for Oath prior to termination. In fact, no such evidence exists in his personnel file.

47. Mr. Banerjee performed virtually all of the duties that were asked of him; in fact, Mr. Banerjee worked 60+ hour weeks, all throughout his short tenure, including the weekends. He built relationships with colleagues as best as he could.

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

48. The only explanation for the aforesaid accusations made against Mr. Banerjee is that Oath needed some justification to deny him the benefits to which he is entitled pursuant to the Oath Severance Plan – the contention that he was terminated for "cause" is pretextual.

### FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
### (As to Defendants Oath and Does 1-50)

Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint, as though fully set forth herein.

49. Plaintiff accepted the October 2017 offer letter by Defendants, which states that he is to receive RSUs with a value of approximately $130,000. Furthermore, Plaintiff received the Oath Severance Plan from Defendants, which states his entitlement to "26 weeks Base Compensation, or if greater, 2 weeks Base Compensation per Year of Service (up to 35 weeks Base Compensation)."

50. Plaintiff performed his job as the Director of Compensation to the fullest extent possible.

51. Defendants failed to honor its promises to Plaintiff pursuant to the offer letter and severance plan when they abruptly terminated Plaintiff's employment, without cause.

52. As a result of Defendant's breach of contract with Plaintiff, Plaintiff has suffered lost income, general and special damages according to proof.

**WHEREFORE,** Plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (As to Defendants Oath and Does 1-50)

Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint, as though fully set forth herein.

53. In every contract there is an implied covenant of good faith and fair dealing by each party not to do anything which will deprive the other parties of the benefits of the contract, and a breach of this covenant by failure to deal fairly or in good faith gives rise to an action for damages. *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 690.

54. Defendants breached the implied covenant of good faith and fair dealing when they unilaterally modified their agreement with Plaintiff, by, among others, denying him severance pay and RSUs

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

1   pursuant to the Oath Severance Plan and their offer letter to Plaintiff, on the pretext of terminating

2   his employment for "cause."

3   55. Defendants' breach of the implied covenant of good faith and fair dealing frustrated Plaintiff's

4   rights to the benefits of the agreement.

5   56. As a result of Defendants breach of the implied covenant of good faith and fair dealing, Plaintiff

6   has suffered lost income, as well as general and special damages according to proof.

7   **WHEREFORE,** Plaintiff prays for relief as set forth below.

8   <u>**THIRD CAUSE OF ACTION**</u>
    **VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200**

9   **(Against Defendants Oath, and Does 1-50)**

10  Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this

11  Complaint.

12  57. Defendants, and each of them, are "persons" as defined under Business and Professions Code §

13  17021.

14  58. Plaintiff Banerjee is informed and believes, and based thereon alleges, that Defendants

15  committed unfair business practices, as defined by Cal. Bus. & Prof. Code § 17200, *et seq*., by

16  denying Plaintiff Banerjee the benefits to which he is entitled pursuant to the Defendants'

17  severance plan and the parties' agreements referenced herein – the contention that he was

18  terminated for "cause" is pretextual.

19  59. The practices described herein were unfair within the meaning of Cal. Bus. & Prof. Code §

20  17200, *et seq*., because the acts were intentionally performed to harm Plaintiff Banerjee.

21  60. Plaintiff Banerjee is informed and believes, and based thereon alleges, that the unlawful, unfair

22  and fraudulent business practices described herein present a continuing threat to members of the

23  public because it is believed that Defendants continue to operate in the illegal manner as alleged

24  herein.

25  61. Further, such shirking of the California labor laws presents a threat to the general public in that

26  the enforcement of labor laws is essential to ensure that all California employers compete

27  equally and that no California employer receives an unfair competitive advantage at the expense

28

of its employees.

62. As a result of the above-alleged misconduct, Plaintiff Banerjee has suffered damages in an amount to be determined according to proof.

63. The unfair, fraudulent, and unlawful business practices of Defendants are likely to continue because Defendants appear to have a pattern and practice of committing the same type of misconduct as alleged herein. Therefore, the imposition of a preliminary injunction is justified.

64. As a direct and proximate result of the above-alleged misconduct, Plaintiff Banerjee seeks injunctive relief and restitution for, among other things, pay and other lost benefits in an amount according to proof.

65. As a direct and proximate result of the aforesaid acts and conduct of said Defendants, Plaintiff Banerjee is entitled to and hereby seeks attorneys' fees as permitted by law.

**WHEREFORE,** Plaintiff prays for relief as set forth below.

## <u>PRAYER</u>

1. For general damages, according to proof, on each cause of action for which such damages are available;

2. For special damages, according to proof, on each cause of action for which such damages are available;

3. For punitive damages, according to proof, on each cause of action for which such damages are available;

4. For declaratory relief to declare Defendants' conduct to be in violation of Plaintiff's rights;

5. For injunctive relief to enjoin Defendants from engaging in such conduct;

6. For pre-judgment and post-judgment interests according to law;

7. For reasonable attorney's fees incurred in this action on those causes of action for which such fees are recoverable under applicable law;

8. For costs of suit incurred in this action; and

9. For such other and further relief as the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages.

Dated:  November 30, 2018

Respectfully submitted,

*Andrea Justo*

Lori Costanzo
Lynn Toma
Andrea Justo
Attorneys for Plaintiff,
ARONI BANERJEE

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET, #700
SAN JOSE, CA 95113

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lori J. Costanzo, SBN 142633; Lynn Toma, SBN 100384; Andrea Justo, SBN 310122 COSTANZO LAW FIRM, APC 111 W. St. John Street, Suite 700 San Jose, CA 95113 | |

TELEPHONE NO.: 408-993-8493 FAX NO.: 408-993-8496
ATTORNEY FOR *(Name):* Plaintiff, Aroni Banerjee

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME:

CASE NAME:
Aroni Banerjee v. Oath, Inc. dba Verizon Communications Inc., et al.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/30/2018 5:10 PM
Reviewed By: A Adefris
Case #18CV338829
Envelope: 2230659**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 18CV338829 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/30/2018
Andrea Justo
*Andrea Justo*
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _18CV338829_

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:**   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):**   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  *You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: _Kirwan, Peter_   **Department:** _19_

The **1st** CMC is scheduled for:  (Completed by Clerk of Court)

  **Date:** _3/12/2019_   **Time:** _3:00 p.m._   in **Department:** _19_

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)

  **Date:** _____   **Time:** _____   in **Department:** _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lori J. Costanzo, SBN 142633; Lynn Toma, SBN 100384; Andrea Justo, SBN 310122<br>COSTANZO LAW FIRM, APC<br>111 West St. John Street #700<br>San Jose, CA 95113<br>TELEPHONE NO: 408-993-8493        FAX NO. *(Optional)* 408-993-8496<br>E-MAIL ADDRESS *(Optional):* lori@costanzo-law.com; andrea.justo@costanzo-law.com<br>ATTORNEY FOR *(Name):* Plaintiff Aroni Banerjee | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose 95113<br>BRANCH NAME: |

| |
|---|
| PLAINTIFF/PETITIONER: Aroni Banerjee, an individual<br>DEFENDANT/RESPONDENT: Oath, Inc. dba Verizon Communications Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER<br>18CV338829 |

TO *(insert name of party being served):* Oath, Inc. dba Verizon Communications Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/04/2018

ANDREA JUSTO
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

    Civil Lawsuit Notice
    Civil Case Cover Sheet
    Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet

*(To be completed by recipient):*

Date this form is signed:  12/21/2018

Melinda S. Riechert
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

1

## PROOF OF SERVICE

2      I, Monet R.A. Torres, declare:

3      I am a citizen of the United States and employed in Santa Clara County, California.  I am

4  over the age of eighteen years and not a party to the within entitled action.  My business address

5  is 1400 Page Mill Road, Palo Alto, California 94304.

6      On **December 21, 2018**, I served a copy of the within document(s):

7  **NOTICE AND ACKNOWLEDGMENT OF RECEIPT (re Summons; Complaint; Civil
   Lawsuit Notice; Civil Case Cover Sheet; and ADR Information Sheet)**

8

| | |
|---|---|
| ☐ | by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, United States mail at Palo Alto, California addressed as set forth below. |
| ☐ | by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below |

14  Lori J. Costanzo                              ***Attorneys for Plaintiff ARONI BANERJEE***
    Andrea Justo
15  COSTANZO LAW FIRM, APC
    111 W. St. John Street, #700
16  San Jose, CA 951113
    Tel: (408) 993-8493
17  Fax: (408) 993-8496
    lori@costanzo-law.com
18  andrea.justo@costanzo-law.com

19      I declare under penalty of perjury under the laws of the State of California that the

20  foregoing is true and correct.

21      Executed on **December 21, 2018**, at Palo Alto, California.

22                                          Torres

23      _____
                                          Monet R.A. Torres

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY